UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **JAMES MARK PEAVLEY** | **CIVIL NO. 5:24-51-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **SAFECO INSURANCE COMPANY OF ILLINOIS,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's Motion to Remand (R. 4.) For the following reasons, the motion will be granted.

Plaintiff James Mark Peavley filed a complaint in state court on or about July 31, 2023, alleging that he was injured when another driver negligently struck a vehicle that Peavley was in. In the complaint, Peavley alleged damages "in excess of the jurisdictional limits" of both the state court and this Court. He alleged that his damages were covered by insurance policies issued by both Safeco Insurance Company of Illinois and United Financial Casualty Company, and he asserted claims against both.

Safeco removed the action to this Court under 28 U.S.C. § 1441(a). (*James Mark Peavley v. Safeco Insurance Company of Illinois, et al.*, Case No. 5:23-243 (filed August 21, 2023) ("*Peavley I*"). That statute provides that any civil action brought in state court of which federal districts court have "original jurisdiction" may be removed to federal court. There is no dispute that, at the time the complaint was filed in state court, it asserted a claim over which this Court had original jurisdiction under 28 U.S.C. § 1332(a)(1), which requires that the plaintiff and defendants be citizens of diverse states and that the amount

in controversy exceed $75,000. In *Peavley I*, this Court granted Peavley's motion to remand the matter to state court, however, because United Financial did not join in the removal and Safeco did not obtain its consent to the removal prior to removing the action.

"The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Harper v. Autoalliance International, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004 (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)); *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

On February 20, 2024, Safeco commenced this action (*Peavley II*) by filing another notice of removal stating that United Financial was dismissed from the state court case after the action was remanded. The problem is that a notice of removal must be filed within 30 days of the defendant's receipt of the complaint or "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Safeco asserted in its notice of removal that it received a copy of Peavley's complaint on August 2, 2023. As Safeco stated in its notice of removal filed in *Peavley I*, it could be ascertained from the complaint when it was filed that the case was removable, meaning that the 30-day period for removal expired early September 2023. That is why Safeco removed *Peavley I* within 30 days of receiving the complaint.

Safeco now argues that this case did not first become removable under § 1446(b) until the state court dismissed United Financial. It cites two district court cases holding that the 30-day period for removal begins to run from the date the defendant receives a

paper indicating that a co-defendant who did not consent to removal has been dismissed.[1] These courts determined that, when a defendant refuses to consent to removal, the case is not "removable." Thus, an order or stipulation dismissing that defendant is the "other paper from which it may first be ascertained that the case is one which is or has become removable" under § 1446(b)(3).

In both cases, however, prior to removal, one defendant refused to consent to removal. *See Parker v. County of Oxford*, 224 F.Supp.2d 292, 293 (D. Me. 2002) ("Defendant Larkin Enterprises did not consent to such removal."); *Interstate Roofing, Inc. v. Valley Forge Ins. Co.*, No. CIVIL 07-1083-HA, 2007 WL 4385490, at *2 (D. Or. Dec. 11, 2007) ("Lexington told defendants that it would not consent to removal.").

The courts determined that the removing defendants first "ascertained" that the cases were removable when they received an "other paper" indicating that the nonconsenting defendant was no longer a party to the case. *Parker*, 224 F. Supp. 2d at 295 (stipulation of dismissal of nonconsenting defendant); *Interstate Roofing*, 2007 WL at *4 (amended complaint that did not name the nonconsenting defendant). In *Parker*, the court concluded that the dismissal of the nonconsenting defendant should be treated the same as a dismissal of a nondiverse defendant. Just as dismissal of a nondiverse defendant renders a case removable, dismissal of the nonconsenting defendant renders a case removable that initially was not. *Id*. at 295 n.6.

---

[1] Safeco also cites *Beckstrom v. Acuity*, No. 1:17-CV-4482-MHC, 2018 WL 6262927 (N.D. Ga. Jan. 29, 2018). That case does not, however, address whether the second removal after the dismissal of the nonconsenting defendant was timely under § 1446(b)(3). It addresses only whether the second removal should be precluded because it was based on the "same grounds" as the first removal. *Id*. at at *3. Plaintiff in that case apparently did not raise the issue of whether the second removal was timely under § 1446, which is a procedural requirement for removal that the plaintiff can waive. *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993).

In *Peavley I*, however, United Financial was not a "nonconsenting defendant." Safeco simply failed to obtain its consent believing that it did not need to. Thus, even if dismissal of a nonconsenting defendant should render a case removable under § 1446(b)(3), that is irrelevant to this case. Unlike in *Parker*, the case was removable from the time it was filed in state court because United Financial never indicated that it did not consent to removal.

Further, the Court agrees with the analysis in *Pittman v. Quest Diagnostics, Inc.*, No. CV ELH-15-3093, 2016 WL 540673 (D. Md. Feb. 11, 2016) on this issue. There, the plaintiff sued three defendants, two of whom did not consent to removal. The plaintiff later dismissed the nonconsenting defendants, and the remaining defendant removed the case to federal court. The plaintiff argued that the removal was untimely because it did not occur within the 30-day window of § 1446(b)(1).

The court rejected the removing defendant's argument that the action became removable only when the nonconsenting defendants were dismissed. In doing so, the court noted that, under the plain language of the statute, the § 1446(b)(3) 30-day clock based on the receipt of an "other paper" applies only "if the case stated by the initial pleading is not removable." *Id*. at *4. The court also noted long-standing Supreme Court precedent that removability is determined by the allegations of the complaint. *Id*. at *5 (quoting *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). Thus, if the complaint asserts a claim over which this Court would have jurisdiction – meaning it is "removable" – the 30-day clock runs from the time the defendant received the complaint pursuant to § 1446(b)(1).

Such a case is "removable at its inception." *Id*. at *6. Whether other defendants consent to the removal is a procedural issue that does not impact whether federal jurisdiction exists. "Procedural requirements—whether demanding compliance with a deadline or consent among parties—impact the outcome of removal based on any ground.

4

But, these requirements do not determine whether a basis for federal jurisdiction exists in the first instance." *Id.* at *7.

The Northern District of Alabama concluded the same, holding that the dismissal of the nonconsenting defendant did not make the case "removable." *Colvin by & through Armfield v. Gadsden State Cmty. Coll.*, No. 2:06-CV-1951-RDP, 2007 WL 9711283, at *4 (N.D. Ala. Mar. 27, 2007). "[I]f the case was removable based upon federal question jurisdiction, it was removable upon its filing." *Id.* "Put in simpler terms, the dismissal of a non-consenting defendant does not provide Defendants with an opportunity to remove the case outside of the initial thirty-day window for removal." *Id. See also Hampton Paint Mfg. Co. v. Union Oil Co. of California*, No. CIV. A. 91-104-NN, 1991 WL 274441, at *1 (E.D. Va. Dec. 16, 1991) ("The fact that Fleet Transport Company and Central Transport, Inc., the other two defendants, preferred that the action remain in state court and did not consent to removal, did not change the fact the case was a [removable] case within the terms of the statute.")

The removal statutes provide that, with some exceptions, a case is removable if a federal district court has original jurisdiction over it. 28 U.S.C. § 1441(a). "[W]hether a case . . . is removable or not . . . is to be determined by the allegations of the complaint or petition[.]" *Great N. Ry. Co*, 246 at 281. "As a general rule, removability is determined by the pleadings filed by the plaintiff." *Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977). In this case, when the complaint was filed in state court it asserted a claim over which this Court had original jurisdiction. Accordingly, under § 1446(b), the 30-day clock commenced on the date that Safeco was served. This removal is not timely.

For all these reasons, the Court hereby ORDERS as follows:

1) Peavley's motion to remand (R. 4) is GRANTED;

2) this matter is REMANDED to the Clark Circuit Court; and

3) this matter is STRICKEN from the Court's active docket.

This 11th day of December, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY